Dickman, J.
Among the errors assigned by the city, the only one relied upon in argument is the alleged error of *201 the court in charging the jury that thej" should, allow interest on the damages to which they might find the plaintiffs entitled. It is contended that in actions sounding in damages, the jury may allow interest or not, as they shall determine ; that if interest is awarded it is a part of the damages, and being an element of damages, its allowance is a matter of discretion for the jury. It is conceded that if the jury had, of their own motion, given interest by way of damages, the verdict would not have been unauthorized; but it is urged that while interest may be allowed in the discretion of the jury, it was error to instruct them to allow it as a matter of law. If the defendants in error were, as a matter of right, entitled to interest on the amount of compensation found due them for injury to buildings and improvements, and for the construction of necessary retaining walls, they should not be prejudiced by the court’s instructing the jury that such amount should carry interest.
The question therefore arises whether the defendants in error, as owners of abutting property, and entitled to compensation for the injury caused by the change of the established grade of the street, are also entitled, as a matter of right, to interest on the amount of compensation found due from the date of the injury, and during the time the compensation was withheld.
This is not an action ex delicto, in which damages are claimed for trespass or injury to real property, and is not to. be governed, therefore, by the decisions in actions of tort, cited in argument, and which hold that unless the jury in their discretion give interest under the name of damages, it is not in accordance with legal principles to allow it on unliquidated claims, sounding in damages. Those decisions, it is said in 2 Sedgwick on Damages, 383, note e, are few in number, and cannot be considered of more than local authority, and are at variance with the general rule which now prevails. In Parrot v. The Knickerbocker Ice Co., 46 N. Y. 361, which was an action brought to recover damages caused by a collision between a sailing vessel and a steamer, the court said that in cases of trover, replevin and trespass, in *202 terest on the value of propertjr unlawfully taken, or converted, is allowable by way of damages, for the purpose of complete indemnity of the party injured; and that it is difficult to see why, on the same principle, interest on the value of property lost or destroyed, by the wrongful or negligent act of another, may not be included in the damages. Indeed, it is evident from the general course of decision, that where one has lost his property, or the use of it, directly through the act of the defendant, the principle of adequate compensation will give interest as a necessary incident.
In making the public improvement of Eighth street, the municipality was in the exercise of a legitimate corporate power. The council had the care, supervision and control of all public highways and streets within the city limits, with the duty imposed of keeping the same .open and in repair, and with authority to ■ grade, change established grades, reconstruct streets, and make pavements and other improvements to facilitate travel and transportation. But, while the city had the right to improve the street by changing the established grade, there was a co-existing right of the owners of abutting property, who had made improvements on their lots in reference to such established grades. It is well settled by the decisions in -Ohio, that if the grade of a street has been established by the corporation, and the owner of a lot in good faith erects buildings thereon, with a view to the established grade, and the corporation after-wards, for the convenience of the public, alters the grade in such a manner as to substantially and materially injure the buildings, and cause the avenue to the place of business of the lot owner, and his use of the street as an incident to his permanent structures, to be blocked up and taken from him, it is as positive and substantial aii injury to private property, and as direct an invasion of private right incident to a lot, as if the erections upon the lot were taken for public use, and it comes manifestly within the spirit of the constitution, which requires compensation for property taken for public use. The easement in the street appendant to the lot is held to be as much property as the lot itself. And *203 the decisions in Ohio in this regard, although different from those which prevail in some other states, are said by Chief Justice Gibson, in O'Connor v. Pittsburgh, 18 Pa. St. 189, to be “founded in natural justice.” See Crawford v. Delaware, 7 Ohio St. 459; Street Railway v. Cumminsville, 14 Ohio St. 523; Youngstown v. Moore, 30 Ohio St. 133; Railway Co. v. Lawrence, 38 Ohio St. 41.
The city, by the improvement of the street and the alteration of the established grade, virtually appropriated property rights of the defendants in error, the benefit and enjoyment of which as they then existed, depended upon the continuance of the grade as then established. “Where compensation is to be made for property, and delay has occurred in obtaining payment, interest is a recognized ele•ment in assessing the value.” White, J., in Gest v. Cincinnati, 26 Ohio St. 280. For damage to the abutting property, ■by reason of the street improvement, the property owners were entitled to full compensation, which should have been promptly made; and if there was not a prompt reparation, it was proper, as an additional means of making the owners whole, to instruct the jury to award interest on the eompensation while withheld- The injury for which full compensation was due, is referable to the time of the change of the grade in 1872 and 1873; and the interest in controversy represents what the property owners might have received, for the use of the compensation allowed, had the same been paid without delay.
In Sutherland on Damages, it is said: “ It being an accepted principle that land taken for public use should be valued, and damages ascertained, as of the date of the taking, payment is then legally due, unless a statute designate some other time; and on general principles, interest should be given from the time when the principal should be paid; or, in other words, from the time the land owner was éntitled to compensation.” The principle, that compensation for property taken by the public, shall either be paid at the time it is taken, or paid with interest, or with a fair allowance for the use of the property during the time it is withheld, was *204 declared by the court in Railway Co. v. Koblentz, 21 Ohio St. 334, in which, at the trial of the cause in the- common pleas, the court instructed the jury to allow interest on the compensation, from the time the company took possession of the defendant’s land.
The Delaware, Lackawanna & Western Railroad Co. v. Burson, 61 Pa. St. 369, was a case in which proceedings were commenced in the court of common pleas, for the assessment of damages for injury done by the railroad company, in locating and constructing a railroad through the land of Deborah Burson. Thompson, C. J., in delivering the opinion of the court said: “ Nor was there error in charging the jury to allow interest. If the plaintiff was entitled to compensation by reason of her property being taken at a particular time, she was certainly entitled to interest as a compensation for its wrongful detention. The company as well as the plaintiff could have had the damages assessed as soon as they pleased after locating the road, and it was no reason for withholding compensation that its amount was unknown or unascertained. As the company was the party to pay, it ought to have had the amount ascertained, and paid it; failing to do so, it has no right to complain at having to meet an incident of the delay in the shape of interest.”
In Parks v. Boston, 15 Pick. 198, the jury, in a highway case, were instructed by the judge, that the complainant was entitled to recover the value of the land at the time when it was taken, with interest from that time, subject to a reasonable deduction if he were consequentially benefited by the widening of the street, or with additional damages if he were consequential^ damnified by the taking of a part of his land and thereby injuring the residue. “It is not,” declared Chief Justice Shaw, “strictly speaking an action for damages ; but rather a valuation or appraisement of an incumbrance created on the plaintiff’s estate, for the use of the public. It is the purchase of a public easement, the consideration for which is settled by such appraisement only because the parties are unable to agree upon it. The true rule would be, as in the case of other purchases, that the price is *205 due and ought to be paid, at the moment the purchase is made, when credit is not specially agreed on. And if a piepowder court could be called on the instant and on the spot, the true rule of justice for the public would be, to pay the compensation with one hand, whilst they appty the axe with the other; and this rule is departed from only because some time is necessary, by the forms of law, to conduct the inquiry; 'and this delay must be compensated by interest.”
In making street improvements, the statute contemplates that there shall be no unnecessary delay in compensating owners for damages to abutting property. By section 2304, of the Revised Statutes, when it is deemed necessary by a city to make a public improvement, twenty days’ written notice of the resolution to make the improvement must be served upon the owners of the abutting property; and by section 2315, any such owner claiming that he will sustain damages by reason of the improvement, must within two weeks after service of such notice, file a claim in writing, setting forth the amount of damages claimed. By section 2316, it is provided that, at the expiration of the time limited for filing claims for damages, the council shall determine whether it will proceed with the proposed improvement or not, and whether the claims for damages shall be. judicially inquired into before commencing, or after the completion of the proposed improvement. Proceedings for the assessment of damages before commencing the improvement are prescribed by the statute. And by section 2321, in all cases where the council determines to assess the damages after the completion of any improvement, it is required that within ten days after the completion of such improvement written application shall be made to the court of common pleas, or probate court of the county, to assess the amount of damages in each particular case.
The defendants in error, and other property owners, within the time required by law, filed their claims for damages. On August 29, 1873, the city passed an ordinance to assess a special tax on real estate bounding on Eighth street, to pay the cost and expense of the improvement, but, the record *206 shows no assessment of damages sustained by the owners of abutting lots by reason of the improvement, and there was, in effect, a taking of property for public use without compensation. Had the damages been assessed before commencing the improvement, the city might have paid the amount assessed, and no claim for interest would then have arisen. Or, if there had been an assessment of the damages within ten days after the completion of the improvement, there would have been a legal.obligation on the part of the city to take steps for the prompt payment of the compensation awarded, and upon failure to do so, the property owners would have been entitled to interest on the compensation as long as it was withheld. In the case at bar, the injury to the defendants in error resulted from the change of the established grade of Eighth street, with a view to which grade they had erected the buildings on the abutting lots. Their damages were properly measured by the condition of their property immediately after the change in the grade of the street, and the long neglect, which is conceded, to estimate and pay those damages, should be compensated by interest.
To prevent their buildings from being crushed and destroyed by the fill of earth made in the street, in front of the'premises, to a height of eight feet above the former curb of the street, the defendants in error found it necessary to construct a retaining wall. It was proper, we think, to instruct the jury to allow interest on the reasonable cost of such wall, from the time of its completion.

Judgment affirmed.